IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ISA JESUS LARRY L. WARD X, | § | |
| | § | No. 171, 2021 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 30807429DI (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 6, 2021
Decided: August 4, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Isa Jesus Larry L. Ward X, filed this appeal from the Superior Court's denial of his motion to vacate his life sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Ward's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that, in 1989, a Superior Court jury found Ward guilty of attempted first-degree murder and possession of a deadly weapon during the commission of a felony. The Superior Court sentenced Ward to life

imprisonment plus a term of years. This Court affirmed Ward's convictions and sentence on direct appeal.[1] Since that time Ward has filed multiple unsuccessful petitions seeking postconviction relief, habeas corpus relief, and correction of his sentence.[2]

(3) In October 2014 and December 2014, Ward filed two motions for correction of sentence. He argued that his life sentence for attempted first-degree murder was illegal because he was convicted of the nonexistent crime of attempted felony murder. The Superior Court denied the motions. On appeal, this Court concluded there was no factual basis for Ward's claim that he was convicted of a nonexistent crime because the record reflected that "he was charged with and convicted of Attempted Intentional Murder in the First Degree under 11 *Del C.* § 636(a)(1), not "Attempted Felony Murder under 11 *Del. C.* § 636(a)(2)."[3]

(4) On March 1, 2021, Ward filed another motion challenging his life sentence. He argued that his attempted murder conviction and sentence had to be vacated because he was charged with and found guilty of first-degree attempted murder, not attempted intentional murder in the first degree under § 636(a)(1). On April 26, 2021, Ward filed a letter requesting a hearing on his motion. On May 17,

---

[1] *Ward v. State*, 575 A.2d 1156 (Del. 1990).
[2] *See, e.g., Ward v. State*, 2015 WL 3536598, at *1 (Del. May 28, 2015) (affirming the Superior Court's denial of Ward's motion for correction of illegal sentence); *Ward v. State*, 2001 WL 1560685, at *1 (Del. Nov. 27, 2001) (affirming the Superior Court's summary dismissal of Ward's second motion for postconviction relief).
[3] *Ward*, 2015 WL 3536598, at *1.

2021, the Superior Court denied the motion and the request for a hearing. This appeal followed.

(5) On appeal, Ward continues to argue that he was not charged with or convicted of attempted intentional murder in the first degree under § 636(a)(1), and that he was imprisoned for a crime that does not exist. This argument is without merit.

(6) Ward was indicted and convicted of attempted first-degree murder based on his intentional attempt to cause the death of two police officers by pointing and firing a gun at them, which under the circumstances as he believed them to be was a substantial step in a course of conduct planned to culminate in first-degree murder. The indictment and jury instructions were consistent with the language of § 531(2)[4] and § 636(a)(1) at the time of Ward's crimes.[5] Under § 531, "[a]ttempt to commit a crime is an offense of the same grade and degree as the most serious offense which the accused is found guilty of attempting." The sentence for attempted first-degree murder was life imprisonment.[6] Accordingly, the Superior Court did not err in denying Ward's motion to vacate his life sentence.

---

[4] 11 *Del. C.* § 531(2) (1988) (providing that a person is guilty of an attempt to commit a crime when he "[i]ntentionally does or omits to do anything which, under the circumstances as he believes them to be, is a substantial step in a course of conduct planned to culminate in his commission of the crime").

[5] *Id.* § 636(a)(1) (providing that a person is guilty of first-degree murder when he "intentionally causes the death of another person").

[6] *Id.* § 4205.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the Superior Court's judgment is AFFIRMED.

BY THE COURT:

_/s/ Karen L. Valihura_
Justice